Margaret McClain, Appellant, v. George M. Henderson, trading as Robert Henderson.

*Negligence—Master and servant—Defective machinery—Evidence—Nonsuit.*

In an action to recover damages for the death of plaintiff's husband, it appeared that the deceased while employed as foreman of defendant's coal yard was killed by the breaking of a chain in machinery used in unloading coal; that the chain was large enough to bear eight times the weight put upon it; that in ordinary use it would have lasted many years; that it had been in use less than three months, and that all the machinery was apparently in perfect condition. It also appeared that deceased was fully

instructed as to the use of the machinery. There was some evidence that the bucket used in raising the coal frequently dropped back from one to four feet, which might have caused the break in the chain. The accident, however, might have been caused by latent defects in the iron or welding of the chain; the strain to which it was subjected by the giving away of other parts of the machinery, or weakness of chain induced by the frequent dropping of the bucket. It did not appear, however, that the jerks of the chain were of such a character as to materially weaken it, or that they were of such frequent occurrence as to charge the defendant with knowledge. *Held*, that a nonsuit was properly entered.

Argued March 23, 1898. Appeal, No. 433, Jan. T., 1897, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1896, No. 652, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. The facts appear by the opinion of the Supreme Court.

The trial court entered a compulsory nonsuit, and refused to take it off.

*Error assigned* was refusal to take off nonsuit.

*James Collins Jones*, with him *W. Wilson Carlile*, for appellant.—It is the duty of a master, not only to provide, but also to maintain reasonably safe appliances : Baker v. Allegheny Valley R. R., 95 Pa. 211; Tissue v. Balt. & Ohio R. R., 112 Pa. 91.

A master is bound to know what he has had a reasonable opportunity of knowing; Bier v. Standard Mfg. Co., 130 Pa. 446, and when he has a reasonable opportunity of knowing of the dangerous condition of his appliances, although it may have been caused by one of his servants, he is bound to take notice of it and remedy it : Schall v. Cole, 107 Pa. 1; Bennett v. Standard Plate Glass Co., 158 Pa. 120; Cook v. Ry., 34 Minn. 45.

Where there is any doubt whether the servant was acquainted, or ought to have been acquainted, with the risk, the determination of the question is necessarily for the jury : Rummel v. Dilworth, 131 Pa. 509; Dixey v. Traction Co., 180 Pa. 404.

*N. Dubois Miller*, with him *Henry C. McDevitt, Henry La-Barre Jayne* and *Biddle & Ward*, for appellee.—In an action brought by an employee against his employer, the mere fact of

an accident does not put upon the employer the burden of proving no negligence on his part : Phila. & Reading R. R. v. Hughes, 119 Pa. 301 ; Mensch v. Pa. R. R., 150 Pa. 598 ; Mixter v. Coal Co., 152 Pa. 396 ; Huey v. Gahlenbeck, 121 Pa. 238 ; Christner v. Coal Co., 146 Pa. 67 ; Imp. Co. v. Munson, 14 Wall. 442 ; Hawthorne v. Pa. Salt Co., 48 Leg. Int. 76. It is not enough that some evidence is produced and thrown into the jury box from which they may guess what was the cause of the accident. This must be shown with reasonable exactness : Reese v. Clark, 146 Pa. 465.

If the accident is alleged to have been due to defective machinery, the defect must be shown to have been known to the employer, or he must have known such facts as would have given him notice of it : Dixon v. Western Union Tel. Co., 68 Fed. Rep. 630 ; Faber v. Mfg. Co., 126 Pa. 387. If the accident is alleged to have been due to the negligence of a coemployee, the plaintiff must show that the employer knew, or ought to have known, that he was employing an incompetent person, or having done so, was subsequently made aware of his incompetency, and continued to employ him : Mulhern v. Coal Co., 161 Pa. 270.

OPINION BY MR. JUSTICE FELL, July 21, 1898 :

The testimony of the witnesses who saw the accident which resulted in the death of the plaintiff's husband fails to furnish any explanation of its cause from which an inference of negligence on the part of the defendant could arise. The attempt at the trial seems to have been, not to develop the facts immediately connected with the occurrence, but to establish by expert testimony a theoretical cause which at most was one of many equally probable causes.

The deceased was the superintendent or foreman of the defendant's coal yard, and when the machinery for unloading coal barges was introduced he was fully instructed as to its use. The mechanical appliances consisted of an iron bucket, a chain by means of which it was raised vertically from the hold of the vessel, and a traveler upon which it passed to the dump. These appliances were all new ; they were suitable for the work, and were apparently in perfect condition. The chain was of a size large enough to bear eight times the strain to

which it was subjected in lifting the bucket, and in ordinary use it would have lasted many years. It had been in use less than three months. The evidence in relation to the breaking of the chain was exceedingly vague, and it is impossible to determine from it whether the chain broke because of the weight of the bucket in its ordinary use or because of an extraordinary strain upon it caused by the breaking of other parts of the machinery. It appeared from the testimony that in the operation of the machinery the bucket frequently dropped back from one to four feet, causing a jerk on the chain, and it was shown that the repeated jerking of the chain in this way would in time weaken it so that it would be liable to break, and that the period of time within which the point of danger would be reached would depend on the frequency of the jerks and on the character of the drop of the bucket, whether a free drop or one which was gradually checked. As to the frequency of the drops the testimony was uncertain, and given by persons who were not connected with the work, but idle passers-by; and as to the character of the drops, whether free or gradual, there was no evidence whatever. Nor did it appear whether the dropping of the bucket was caused by overloading, by defects in the machinery, or by unskilful management.

The case presented by the plaintiff was that of an accident caused by the breaking of a chain, which might have been due to any one of several causes — latent defects in the iron or welding of the chain, the strain to which it was subjected by the giving way of other parts of the machinery, or weakness of the chain induced by the frequent dropping of the bucket. The last is the only one of these causes from which, under the circumstances disclosed by the testimony, liability in the defendant could arise; and it would not arise from it unless it were made to appear that the jerks on the chain were of such a character as materially to weaken it; that they were due to defects in the machinery or negligence in its management, and were of such frequent occurrence as to charge the defendant with knowledge. The testimony was far short of this, and if the case had been presented to the jury they would not have been justified in holding the defendant liable.

The nonsuit was properly entered, and the judgment is affirmed.